UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRIDENT STEEL CORPORATION                    CIVIL ACTION

VERSUS                                       NO: 12-2500

COW PATH ENERGY, L.L.C.                      SECTION: R

## ORDER AND REASONS

Before the Court is plaintiff Trident Steel Corporation's motion for default judgment.[1] For the following reasons, plaintiff's motion is GRANTED.

## I.   BACKGROUND

Plaintiff Trident Steel Corporation seeks payment of a promissory note executed by defendant Cow Path Energy, L.L.C. The promissory note, executed on June 20, 2012, stated that defendant promised to pay the principal amount of $93,000, plus interest on the unpaid principal balance of the note at a rate of nine percent per annum from the date of the note until the note was fully paid.[2] The promissory note set up a payment schedule, under which defendant was to pay eight consecutive monthly installments of $12,020.76, starting on July 1, 2012.[3] Defendant also agreed to pay the fees of an attorney employed to recover the amount due

---

[1]   R. Doc. 9.

[2]   R. Doc. 1-2.

[3]   R. Doc. 1.

to plaintiff, with the fees fixed at ten percent of the amount then owed and sought to be collected.[4] Plaintiff alleges that defendant remitted the first monthly installment on July 1, 2012, but plaintiff received notice that the check was being returned for insufficient funds.[5] Plaintiff then served a notice of default on defendant.[6] According to plaintiff, defendant failed to cure the defect and made no other payments on the promissory note.[7]

Plaintiff filed this diversity action on October 12, 2012, seeking payment of the principal amount of $93,000, together with interest, in addition to attorneys' fees and the costs of litigation.[8] Defendant was served on December 7, 2012 and failed to file an answer. Default was entered on January 4, 2013.[9] Plaintiff now moves for entry of default judgment.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or

---

[4]     R. Doc. 1.

[5]     *Id.* at 3.

[6]     R. Doc. 1-2 at 3.

[7]     R. Doc. 1 at 4.

[8]     R. Doc. 1.

[9]     R. Doc. 8.

otherwise respond to the plaintiff's complaint within the required time period.  Fed. R. Civ. P. 55(b).  A plaintiff who seeks a default judgment must petition the court for the entry of default and show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a). Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted.  *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. No party is entitled to a default judgment as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam).  The disposition of a motion for the entry of default judgment rests within the sound discretion of the district court. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

## III. DISCUSSION

### A.  *Jurisdiction*

Before entering judgment, the Court must "look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). Here, subject matter jurisdiction is founded upon diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff is a foreign corporation organized under the laws of

Missouri, and its principal place of business is in Missouri.[10] Defendant is allegedly a Louisiana limited liability company that is registered with the Louisiana Secretary of State and has a domicile address in Madisonville, Louisiana.[11] Moreover, plaintiff alleges that the amount in controversy exceeds $75,000.[12] The Court therefore finds that it has jurisdiction over plaintiff's claim.

B.    *Entry of Default Judgment*

The Court turns to whether a default judgment should be entered against defendant. The record shows that defendant was served with process on December 7, 2012 but has failed to plead or otherwise defend against plaintiff's claims. Defendant has not appeared at all, despite having been mailed a copy of the Clerk of Court's January 4, 2013 order that granted plaintiff's motion for the entry of default.[13] Although judgments by default are generally disfavored, *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that defendant's failure to appear impedes the "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Moreover, the

---

[10]    R. Doc. 1 at 1.

[11]    *Id.*

[12]    *Id.* at 2, 4.

[13]    R. Doc. 8.

record does not reveal any excuse for defendant's failure to appear.  Accordingly, the Court will enter a default judgment against defendant.

   *C.   Damages*

   Plaintiff submits an affidavit from its general counsel, stating that the amount due as of January 15, 2013 was $107,571.96, pursuant to the terms of the promissory note. This sum includes the principal amount of $93,000, $4,792.69 in interest (nine percent per annum interest rate on the unpaid principal balance), and attorneys' fees of $9,779.27 (ten percent of the full sum of the principal and interest as of January 15, 2013). Plaintiff also seeks interest at a rate of nine percent per annum from the date of judgment until payment is rendered in full, as well as $505.24 in litigation costs.

   It is the Court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). Plaintiff seeks to recover on a promissory note signed by defendant. Under Louisiana law, "once the maker of a promissory note admits signing the note and the note is produced, the holder of the note is entitled to recover in the absence of any further evidence." *Estate of Pittman v. Pittman*, 69 So. 3d 1254, 1257 (La. App. Ct. 2011); *see also U.S. v. Laurent*, No. 08-1566, 2009 WL 511250, at *1 (E.D. La. Feb. 27, 2009) (granting summary

5

judgment since debtor failed to establish "nonexistence, extinguishment, or variance in payment of the obligation"). The terms of the promissory note clearly establish the principal amount to be paid by defendant and the applicable interest rate. The Court thus finds that plaintiff is entitled to recover the unpaid balance of $93,000, together with interest at a rate of nine percent per annum, running from the note's execution on June 20, 2012. *See* La. Civ. Code Ann. art. 2000 ("When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties.").

Further, under Louisiana law, "[i]f the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well." La. Civ. Code Ann. art. 2000. According to the terms of the promissory note, the parties agreed that defendant would pay the fees for an attorney employed to recover the amount due, with the fees fixed at ten percent of the amount owed.[14] In addition, the Court may render judgment for costs against a party except as otherwise provided by law. La. Code Civ. Proc. Ann. art. 1920. Thus, the Court deems plaintiff's request for attorneys' fees in the amount of $9,779.27 and litigation fees totaling $505.24 to be

---

[14]   R. Doc. 1-2 at 1.

appropriate.

Plaintiff also seeks interest on the judgment amount at the rate of nine percent per annum. Under Louisiana state law, plaintiff is entitled to the rate specified in the contract for prejudgment interest. *See DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 435 (5th Cir. 2003). But, post-judgment interest accrues at the rate set forth in 28 U.S.C. §1961(a) in diversity cases unless the parties have expressly agreed that the contract rate will apply post-judgment. *See Hymel v. UNC, Inc*., 994 F.2d 260, 266 (5th Cir. 1993) (parties may "specifically contract" to a different post-judgment rate than that set forth by §1961); *see also Tricon Energy, Ltd. v. Vinmar Int'l, Ltd.*, No. 4:10-05260, 2012 WL 176438, at *2 (S.D. Tex. Jan 20, 2012) (applying federal interest rate since parties' contract did not demonstrate clear intent to specify a contractual post-judgment rate different than the §1961 rate). Plaintiff has not shown that the promissory note it executed with defendant contained such an express agreement. Accordingly, Section 1961(a) provides the applicable interest rate on the judgment amount.

The Court therefore finds that judgment should be entered in the following amount: $93,000 in unpaid principal, prejudgment interest at a rate of nine percent per annum running from June 20, 2012, attorneys' fees in the amount of $9,779.27, and $505.24 in litigation costs. Interest will accrue on the judgment at the

rate determined under 28 U.S.C. §1961(a) until the judgment is paid in full.


**IV.   CONCLUSION**

    For the reasons stated, plaintiff's motion for default judgment is GRANTED.


    New Orleans, Louisiana, this <u>6th</u> day of February, 2013.

                    _____

                       SARAH S. VANCE
                UNITED STATES DISTRICT JUDGE